AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__Western__ District of __Pennsylvania__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| MICHAEL HUMPHREY<br>a/k/a Hump | Case Number: 2:12-cr-00144-001 |
| | USM Number: 08837-068 |
| | William H. Difenderfer, Esquire<br>Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)  __1, 2, 3, 4, and 5 of an information__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| | SEE PAGE 2 | | |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 25, 2012
Date of Imposition of Judgment

_/s/ Alan N. Bloch_
Signature of Judge

Alan N. Bloch, United States District Judge
Name and Title of Judge

10/25/12
Date

DEFENDANT: MICHAEL HUMPHREY
CASE NUMBER: 2:12-cr-00144-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §846 | Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | 9-30-2011 | 1 |
| 18 U.S.C. §922(g)(1) | Possession of a firearm by a convicted felon | 9-30-2011 | 2 |
| 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) | Possession with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | 9-30-2011 | 3 |
| 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) | Distribution and possession with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | 9-15-2010 | 4 |
| 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) | Distribution and possession with intent to distribute less than 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | 8-27-2010 | 5 |

DEFENDANT: MICHAEL HUMPHREY
CASE NUMBER: 2:12-cr-00144-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

one hundred twenty (120) months at each of Counts 1, 2, 3, 4, and 5, to be served concurrently.

X The court makes the following recommendations to the Bureau of Prisons:
that the defendant participate in the Bureau of Prisons' 500-Hour Comprehensive Drug Treatment Program and that the defendant be placed in a facility as close to New Bern, North Carolina, as possible

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MICHAEL HUMPHREY
CASE NUMBER: 2:12-cr-00144-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

eight (8) years at each of Counts 1, 3, 4, and 5, and three (3) years at Count 2, all such terms to be served concurrently.

X    Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall not commit another federal, state or local crime.

X    The defendant shall not possess a firearm or destructive device.  (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district in which the defendant is supervised without the permission of the court;

2) the defendant shall report to the probation officer in the manner and frequency directed by the Court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and shall follow the instructions of the probation officer;

4) the defendant shall support his dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within seventy-two (72) hours of any change in residence or employment;

7) due to the defendant's history of alcohol and/or drug abuse, the defendant shall refrain from the use of alcohol and the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost. The defendant shall submit to at least one drug urinalysis within fifteen days after being placed on supervision and to at least two periodic tests thereafter.

The defendant shall pay to the United States a special assessment of $500, which shall be paid forthwith to the Clerk, U. S. District Court for the Western District of Pennsylvania.

The Court finds that the defendant does not have the ability to pay a fine. Fine in this case is waived.

Upon the imposition of sentence, the defendant was advised of his right of appeal and his right to counsel on appeal.

**These conditions are in addition to any other conditions imposed by this Judgment.**

Upon finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

All of the conditions listed in this order have been read to me. I fully understand the conditions and have been provided a copy of them.

_____    _____
Defendant's Signature                    Date


_____    _____
U.S. Probation Officer's Signature       Date

Judgment — Page __6__ of __7__

DEFENDANT: MICHAEL HUMPHREY
CASE NUMBER: 2:12-cr-00144-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT:    MICHAEL HUMPHREY
CASE NUMBER:    2:12-cr-00144-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    X    Lump sum payment of $ __500.00__ special assessment due immediately, payable to the Clerk, United States District Court for the Western District of Pennsylvania.
     ☐ not later than _____ , or
     ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States:

    a Phoenix Arms, Model Raven, .25 caliber semi-automatic pistol, bearing an obliterated serial number.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.